Neil B. Klein (Bar No. 142734)
neilk@mckassonklein.com
Michaël Fischer (Bar No. 202543)
mfischer@mckassonklein.com
MCKASSON & KLEIN LLP
2211 Michelson Drive, Suite 320
Irvine, CA 92612
Telephone: 949-724-0200
Facsimile:  949-724-0201

OF COUNSEL
SIMMS SHOWERS LLP
J. Stephen Simms
jssimms@simmsshowers.com
Marios J. Monopolis
mjmonopolis@simmsshowers.com
201 International Circle, Suite 250
Hunt Valley, Maryland  21030
Telephone:  410-783-5795
Fax:       410-510-1789

Attorneys for Plaintiff
ONIRATO NAVIGATION LTD.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIRATO NAVIGATION LTD., | Case No.: _____ |
|     Plaintiff, | **IN ADMIRALTY** |
|   vs. | **VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF WRITS OF MARITIME GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B** |
| SRI LALITHA ENTERPRISES INDUSTRIES PRIVATE LIMITED, | |
|     Defendant, | |
|   and | |
| SWIFT FREIGHT (USA) INC., | |
|     Garnishee. | |

-1-

Plaintiff ONIRATO NAVIGATION LTD ("Onirato") brings this action against Defendant SRI LALITHA ENTERPRISES INDUSTRIES PRIVATE LIMITED ("Sri Lalitha") *in personam* and *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, and states as follows:

## Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333, Supplemental Rule B for Certain Admiralty and Maritime Claims, and Fed. R. Civ. P. 9(h).

2. This complaint is further brought pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. §1 and seeks to obtain security in assistance of contemplated London maritime arbitration proceedings.

3. Venue is proper in this District because the Garnishee is located and can be found in this District. Defendant Sri Lalitha is not found in this District within the meaning of Supplemental Rule B.

## The Parties

4. At all material times, Onirato was and is a company organized and existing under the laws of the Marshall Islands. Onirato is the owner of the vessel M/V AEOLOS (the "Vessel").

5. At all material times, Sri Lalitha was and is a company organized and existing under the laws of India. Sri Lalitha chartered the Vessel from Onirato.

6. Swift Freight (USA) Inc. ("Swift") has its principal place of business at 11835 E Smith Ave., Santa Fe Springs, California 90670.

## Factual Background

7. Onirato is the owner of the vessel M/V AEOLOS.

8. On or about December 23, 2013, Onirato agreed to charter the Vessel to Sri Lalitha pursuant to a Voyage Charter. A copy of the Voyage Charter is attached hereto as Exhibit A.

9. Box 12 of the Voyage Charter identifies the weight of the cargo to be carried on the Vessel as "ABOUT 28,750 METRIC TONS 4% MORE OR LESS OWNERS OPTION."

10.   Clause 44 of the Voyage Charter provides that the permissible laytime associated with discharging the cargo would not exceed "1,500 mts per weather working day."

11.   On or about January 30, 2014, Sri Lalitha received a Notice of Readiness from the Vessel's manager, Alexandria Shipping (HELLAS) S.A. which stated in relevant part as follows:

> Dear Sirs,
>
> Please be advised that Mv "Aeolos" has arrived at your port on 30-01-2014 at 1330 local time or 1230 utc and she is in all respects ready to commence discharging her cargo of BAGGED RICE of 29,250.00 mts Net Weight (585,000 Bags) as per all terms and conditions of relevant Charter Party.

12.   Pursuant to the Notice of Readiness, and in accordance with Clause 44 of the Voyage Charter, Sri Lalitha was permitted 19 days, 13 hours, and 18 minutes of laytime for discharge operations. Upon completion of discharge, Sri Lalitha was required to redeliver the Vessel to Onirato.

13.   In breach of its contractual obligations, Sri Lalitha has to date failed to redeliver the Vessel to Onirato. On information and belief, the Vessel remains berthed in Nigeria.

14.   As detailed in the Laytime Statement (a copy of which is attached hereto as Exhibit C), 127 days have elapsed since the Vessel arrived at port on January 30, 2014. Of those days, only 19 days, 13 hours and 18 minutes are demurrage-free pursuant to the terms of the Voyage Charter.

15.   To date 109 days demurrage has accrued as per Laytime Statement.

16.   Clause 36 of the Voyage Charter provides that demurrage accrues at $12,000 per day. Accrued demurrage due and owing for 109 days is $1,307,600.

17.   Demurrage continues to accrue at a daily rate of $12,000 until the Vessel is redelivered to Onirato.

### Count I: Breach of Maritime Contract

18.   Plaintiff incorporates the above paragraphs as if fully set forth herein.

19.   Sri Lalitha has breached its maritime contracts as set out above. Despite repeated demand, Onirato remains unpaid.

20.   Onirato therefore demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment – Supplemental Rule B

21.   Onirato incorporates the above paragraphs as if fully set forth herein.

22.   Onirato seeks issue of process of maritime attachment so that it may obtain security for its claims including its contractual attorneyss fees and costs. No security for Onirato's claims has been posted by Sri Lalitha or anyone acting on its behalf to date.

23.   Sri Lalitha cannot be found in this District within the meaning of Rule B but is believed to have or will have during pendency of this action property and/or assets in this jurisdiction such as cash, funds, freight, hire and/or credits in the hands of garnishees in this District, including but not limited to Swift.

24.   On information and belief Swift holds electronic data belonging to Sri Lalitha.

25.   The Court should therefore issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, attaching all tangible or intangible property or any funds held by the Garnishee on behalf of, for the benefit of, and/or for the account of Sri Lalitha, up to the amount of at least the amount demanded herein to secure Onirato's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Complaint.

WHEREFORE, Plaintiff prays:

A. That in response to Count I, judgment be entered against Sri Lalitha in the amount of at least $1,307,600; plus continuing demurrage until the Vessel is redelivered to Onirato at the contractual rate of $12,000 per day beginning on June 14, 2014;

B. That in response to Count II, since Sri Lalitha cannot be found within this District pursuant to Supplemental Rule B, the Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, attaching all tangible or intangible property or any funds held by any of the Garnishee on behalf of, for the benefit of, and/or for the account of Sri Lalitha, up to the amount of at least the amount demanded herein to secure Onirato's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Complaint.

C. That the Court award Onirato such other and further relief as the Court deems just and proper.

Dated: June 16, 2014          /S/ Neil B. Klein
                              Neil B. Klein
                              Michaël Fischer
                              **MCKASSON & KLEIN LLP**
                              Plaintiff ONIRATO NAVIGATION LTD.

VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF WRITS OF MARITIME GARNISHMENT
PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B

OF COUNSEL
SIMMS SHOWERS LLP
J. Stephen Simms
jssimms@simmsshowers.com
Marios J. Monopolis
mjmonopolis@simmsshowers.com
201 International Circle, Suite 250
Hunt Valley, Maryland  21030
Telephone:  410-783-5795
Fax:        410-510-1789

-6-

**VERIFICATION**

I, Marios J. Monopolis, am an associate lawyer of the law firm of Simms Showers, LLP, of counsel to Plaintiff. I verify under solemn affirmation that the facts alleged in the foregoing are true and correct to the best of my knowledge and information based upon the records of plaintiff made available to me by plaintiff.

I further verify that defendant Sri Lalitha Enterprises Industries Private Limited cannot be found within this District within the meaning of Supplemental Rule B. There is no corporate officer of plaintiff readily available in the District to make this verification. I am authorized by plaintiff to make this affidavit. I state that on behalf of plaintiff, an electronic records search for defendant was completed in the records of the California Secretary of State, Corporate Division, finding no resident agent or corporate registration for defendant Sri Lalitha Enterprises Industries Private Limited in this District, and that according to Directory Assistance there is no telephone listing for defendant Sri Lalitha Enterprises Industries Private Limited within any area code in this District.

Pursuant to 28 U.S.C. §1746 I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2014.

_/S/ Marios J. Monopolis_
Marios J. Monopolis