Neil B. Klein (Bar No. 142734)
neilk@mckassonklein.com
Michaël Fischer (Bar No. 202543)
mfischer@mckassonklein.com
MCKASSON & KLEIN LLP
2211 Michelson Drive, Suite 320
Irvine, CA 92612
Telephone: 949-724-0200
Facsimile:  949-724-0201

OF COUNSEL
SIMMS SHOWERS LLP
J. Stephen Simms
jssimms@simmsshowers.com
Marios J. Monopolis
mjmonopolis@simmsshowers.com
201 International Circle, Suite 250
Hunt Valley, Maryland  21030
Telephone:  410-783-5795
Fax:       410-510-1789

Attorneys for Plaintiff
ONIRATO NAVIGATION LTD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIRATO NAVIGATION LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SRI LALITHA ENTERPRISES INDUSTRIES PRIVATE LIMITED, <br><br> Defendant, <br><br> and <br><br> SWIFT FREIGHT (USA) INC., <br><br> Garnishee. | Case No.:  2:14-CV-04625 <br><br> **IN ADMIRALTY** <br><br> ***EX PARTE* APPLICATION AND MEMORANDUM FOR AN ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT, PURSUANT TO SUPPLEMENTAL MARITIME AND ADMIRALTY RULE B** |

-1-

*EX PARTE* APP & MEMO FOR AN ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT & GARNISHMENT, PURSUANT TO SUPPLEMENTAL MARITIME ADMIRALTY RULE B

Plaintiff Onirato Navigation Ltd. hereby applies, pursuant to Supplemental Admiralty and Maritime Rule B, for an order directing the Clerk to issue process of maritime attachment and garnishment on the filing of Plaintiff's Verified Complaint for attachment of property of Defendant Sri Lalitha Enterprises Industries Private Limited, held or controlled by garnishee or its agents, including accounts owing to Defendant by Garnishee, located in this District.

As detailed in the Verified Complaint, on or about December 23, 2013, Onirato agreed to charter the vessel M/V AEOLOS (the "Vessel") to Sri Lalitha pursuant to a Voyage Charter.

On or about January 30, 2014, Sri Lalitha received a Notice of Readiness advising that the Vessel had arrived and was ready to discharge its cargo. Pursuant to the Notice of Readiness, and in accordance with Clause 44 of the Voyage Charter, Sri Lalitha was permitted 19 days, 13 hours, and 18 minutes of laytime for discharge operations. Upon completion of discharge, Sri Lalitha was required to redeliver the Vessel to Onirato.

In breach of its contractual obligations, Sri Lalitha has to date failed to redeliver the Vessel to Onirato. On information and belief, the Vessel remains berthed in Nigeria.

One hundred and twenty-seven days have elapsed since the Vessel arrived at port on Jan 30, 2014. Of those days, only 19 days, 13 hours and 18 minutes are demurrage-free, under the terms of the Voyage Charter. To date, 109 days demurrage totaling $1,307,600 has accrued. Demurrage continues to accrue at a daily rate of $12,000 until the Vessel is redelivered to Onirato.

Onirato has initiated, or soon will initiate, arbitration procedures in London, as required under Clause 39 of the Voyage Charter, for the payment of charter fees owed by Sri Lalitha. As security for any award granted in that arbitration, Orinato

seeks to garnish any available assets of Sri Lalitha, to be held in escrow until such time as the award is granted in favor of Orinato and against Sri Lalitha.

On information and belief, Onirato reasonably believes Garnishee Swift Freight (USA) Inc. holds accounts that are property of and/or owing to Sri Lalitha.

Supplemental Admiralty and Maritime Rule B provides as follows:

> (b) The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.
>
> (c) If the plaintiff or the plaintiff's attorney certifies that exigent circumstances make court review impracticable, the clerk must issue the summons and process of attachment and garnishment. The plaintiff has the burden in any post-attachment hearing under Rule E(4)(f) to show that exigent circumstances existed.
>
> (d)(i) If the property is a vessel or tangible property on board a vessel, the summons, process, and any supplemental process must be delivered to the marshal for service.

The Verified Complaint filed concurrently herewith satisfies the requirements of Rule B. Defendant Sri Lalitha Enterprises Industries Private Limited cannot be found within this District pursuant thereto.

WHEREFORE, Onirato Navigation Ltd respectfully requests that this Court now issue its Order to the Clerk for the issuance of the Supplemental Rule B writs as requested, and herewith files a draft Order.

Dated: June 16, 2014   */S/ Neil B. Klein* _____
Neil B. Klein
Michaël Fischer
MCKASSON & KLEIN LLP
Plaintiff ONIRATO NAVIGATION LTD.

OF COUNSEL
SIMMS SHOWERS LLP
J. Stephen Simms
jssimms@simmsshowers.com
Marios J. Monopolis
mjmonopolis@simmsshowers.com
201 International Circle, Suite 250
Hunt Valley, Maryland  21030
Telephone:  410-783-5795
Fax:            410-510-1789

*EX PARTE* APP & MEMO FOR AN ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT & GARNISHMENT, PURSUANT TO SUPPLEMENTAL MARITIME ADMIRALTY RULE B